**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMMY JEFFERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-615 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Sammy Jefferson's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No.1]. In his motion, Jefferson argues the Bureau of Prisons miscalculated the aggregate term of imprisonment for his overlapping sentences. As the record before the Court conclusively demonstrates Jefferson is not entitled to relief, the Court will deny Jefferson's petition without an evidentiary hearing.

**I.    STATEMENT OF FACTS**

In 2003, Jefferson was sentenced to 37 months' imprisonment after he pleaded guilty to unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Jefferson*, Case No. 4:03-CR-049-ERW, ECF No. 48. While he did not directly appeal, Jefferson challenged his sentence in 2004 by way of a motion to vacate, which this Court denied. *See Jefferson v. United States*, Case No. 4:04-CV-1258-ERW. After a period of supervised release, on June 5, 2007, the Court imposed a 22-month revocation sentence for new law violations.

Shortly thereafter, on October 11, 2007, Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute cocaine and marijuana and one count of

1

distributing more than five kilograms of cocaine. *See United States v. Jefferson*, Case No. 4:07CR00184 ERW, ECF No. 358. On January 17, 2008, this Court sentenced Petitioner to serve a term of incarceration of 235 months to be followed by a 5-year term of supervised release. Case No. 4:07CR00184 ERW, ECF No. 510. The Court ordered Jefferson's sentence to "run concurrent[ly] to his sentence imposed in Docket No. 4:03CR00049 ERW, pursuant to the provisions of Section 5G1.3." *Id.* The Court noted the sentence was based on Petitioner's "criminal history because he was serving a term of supervised release for the federal conviction of felon in possession of a firearm at the time of the instant offense." Case No. 4:07CR00184 ERW, ECF No. 543 at 21.

On February 27, 2015, Petitioner filed a motion for retroactive application of sentencing guidelines amendment 782, requesting the Court reduce his 235-month sentence to 188 months of incarceration. Case No. 4:07CR00184 ERW, ECF Nos. 811, 839. Because Petitioner had incurred significant institutional violations while incarcerated, this Court did not grant Petitioner's full request, but instead only reduced Petitioner's sentence down to 200 months. Case No. 4:07CR00184 ERW, ECF No. 844.

Prior to filing his § 2255 motion here, Jefferson filed five *pro se* motions in his closed 2007 criminal case. Each *pro se* motion essentially addressed the same argument Movant sets forth here—that the Bureau of Prisons has miscalculated Petitioner's sentence. The Court denied all five motions in its memorandum and order dated April 1, 2021. On May 16, 2021, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of this Court.

On May 4, 2020, Jefferson filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In his motion, Jefferson indicates his challenge is to his 22-month

2

2007 revocation sentence in Case No. 4:03-CR-049-ERW.  Movant states his motion is timely under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), but describes the nature of his claim as:

> Bureau of Prisons does not have the power to unilaterally eliminate court determined credit 22 months concurrent sentence, thereby increasing Petitioner's sentence to 207 months.  Alleging sentence is overlapping, and disregarding Judgment and conviction 1/17/08 (e.g. two or more sentences to be served simultaneously.  Concurrent sentence is 22 months and 200 months, the total prison time is 200 months.

Jefferson asks that the Court grant the following relief: "[C]orrect the concurrent sentence 4:03-CR-0049 per directive order of amended judgment in case 4:07-cr-0084-ERW-20 total 200 months rather than 207 as BOP has calculated overlapping sentence or vacate supervised release in case no. 4:03-CR-0049-ERW."  ECF No. 1 at 12.

Petitioner is currently being housed at the United States Penitentiary—USP Florence in Florence, Colorado. *See* Federal Bureau of Prisons Inmate Locator, (http:bop.gov/inmateloc) (last visited July 30, 2021).

## II.    STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  To obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

3

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence and are available only in the extraordinary case. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

### III.   DISCUSSION

Jefferson asserts the BOP miscalculated his aggregate sentence as 207 months instead of 200 months. He argues seven months should be credited to his 22-month revocation sentence in

4

Case No. 4:03CR0049 ERW for the time he spent in custody before being sentenced to 235 months in Case No. 4:07CR00184 ERW on January 17, 2008.

The United States Department of Justice Bureau of Prisons ("BOP") has the authority to determine when a federal sentence commences. *United States v. Wilson,* 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *United States v. Hayes,* 535 F.3d 907, 910 (8th Cir. 2008). The BOP has exclusive jurisdiction to determine sentence credits in the first instance. The district court cannot award sentencing credits. *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995); *United States v. Checchini*, 967 F.2d 348, 349–50 (9th Cir. 1992).

Thus, the calculation of any credit for time served is a matter for the Bureau of Prisons, not this Court. *See United States v. Iversen,* 90 F.3d 1340, 1344-45 (8th Cir. 1996) (noting the district court did not have authority under 18 U.S.C. § 3585(b) to credit the petitioner for time spent in home detention during a previous sentence, and such a claim should first be presented to the Bureau of Prisons). Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit time served, should such a failure occur. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).

Where the warden of a Petitioner's BOP facility denies the Petitioner's request for an administrative remedy, the Petitioner must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). Specifically, the Administrative Remedy Program states:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20

calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended …. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

Once a prisoner has exhausted his administrative remedies, the prisoner may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241. *See United States v. Wilson,* 503 U.S. at 335, 112 S.Ct. 1351; 28 C.F.R. §§ 542.10-542.16; *Reno v. Koray*, 515 U.S. 50, 53 (1995); *United States v. Callahan*, 800 F.3d 422, 426 (8th Cir. 2015). Section 2241 habeas jurisdiction lies *in the District in which the prisoner is incarcerated at the time the habeas petition is filed*. 28 U.S.C.A. § 2241; *See Schmanke v. U.S. Bureau of Prisons*, 847 F. Supp. 134, 136 (D. Minn. 1994).

The Court cannot afford Jefferson the relief he seeks. To challenge the BOP's calculation of his aggregate sentence, Jefferson must have first fully exhausted his administrative remedies with the BOP. Jefferson has submitted evidence he requested an administrative remedy by attaching the warden's Response to his May 6, 2020 Request for Administrative Remedy. Case No. 4:07CR00184 ERW, ECF No. 952 at 52. In the BOP's denial of this Request, the warden acknowledges Jefferson's allegation here—that the BOP increased his sentence by 7 months. The warden notes on June 5, 2007, Jefferson's 22-month sentence was imposed and seven months later, on January 17, 2008, his 235-month sentence was imposed. The warden states although the Court ordered Jefferson's two sentences to run concurrently, the sentence in the second case could not begin running before it was imposed on January 17, 2008.[1]

---

[1] The Court notes under Section 5G1.3 of the sentencing guidelines, where a defendant is on federal supervised release at the time of the instant offense, the sentence for the instant offense

6

Jefferson attaches no proof he appealed the denial of his Request—as is required for administrative exhaustion.  Moreover, even if Jefferson had properly exhausted his administrative remedies, to obtain judicial review of the BOP's determination, he is required to file a Section 2241 petition *in the District in which he is incarcerated*—the District of Colorado. Therefore, the Court cannot afford him the relief he seeks in his motion.

Although the relief sought by Jefferson in his motion is based on the BOP's alleged miscalculation of his sentence, the Court notes Jefferson also references *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Jefferson states his motion is "consistent and timely" with "*Rehaif*, 139 S. Ct. 2191 (2019). He then describes *Rehaif* by stating: "the government must prove both that the Petitioner knew he possessed a firearm and that he knew he belonged to the relevant category material elements of 922(g)."  ECF No. 1 at 10.  Other than this singular reference regarding timeliness, Jefferson does not specify how his conviction violates *Rehaif*.

In *Rehaif*, the Supreme Court held the knowledge requirement in Title 18, United States Code, Section 924(a)(2) applies not only to the Petitioner's possession of a firearm or ammunition, but also to his prohibited status. Specifically, according to *Rehaif*, in prosecutions under Section 922(g)(1), the United States must prove, in addition to knowing possession, that at the time of that possession, the Petitioner knew he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year. This requirement under *Rehaif*, however, does not demand proof the Petitioner specifically knew he was legally prohibited from possessing a firearm.

---

may be imposed to run concurrently or consecutively to the undischarged term of imprisonment. *See* U.S.S.G. 5G1.3, comment. (n. 4(C)).  However, the district court may not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. *United States v. Woods*, 717 F.3d 654, 659 (8th Cir. 2013); U.S.S.G. 5G1.3, comment. (n. 4(E)).

7

Even had Jefferson challenged the constitutionality of his sentence under *Rehaif*, his claim would fail.  Jefferson filed a previous habeas motion challenging his sentence in Case No. 4:03CR0049. On April 18, 2005, the Court denied Jefferson's motion under 28 USC § 2255 challenging his sentence in this case (4:03CR0049).  The instant motion represents Jefferson's second, successive § 2255 motion.  Before the district court can entertain a second or successive § 2255 motion, the appropriate court of appeals must certify the motion as provided in 28 U.S.C. § 2244. See 28 U.S.C. § 2255(h).

Moreover, any challenge to his original conviction that Jefferson would make under *Rehaif* would fail as Jefferson 1) waived his right to bring such a claim, and 2) the claim is procedurally defaulted.

### 1. Pursuant to the Plea Agreement, Petitioner Has Waived His Right to Bring this Claim.

In his Plea Agreement, Petitioner explicitly waived all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 18, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Case No. 4:03CR0049 ERW, ECF No. 40 at 2-3.  It is well established a defendant may waive his or her Section 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003).  Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. *Andis*, 33 F.3d at 891 (citing *DeRoo*, 223 F.3d at 923-24).  Nevertheless, the Eighth Circuit has cautioned that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *Id.*

8

Here, Petitioner entered into the Plea Agreement, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding, knowingly and voluntarily. Furthermore, Petitioner has not alleged a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding. Thus, the Court finds Petitioner has waived his right to bring a claim under *Rehaif*.

### 2. Petitioner's Claim is Procedurally Defaulted.

The Supreme Court has made clear a defendant may properly claim in a Section 2255 motion that, based on a court decision that resulted in a change in the law after affirmance of his conviction, his "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974); *See id.* at 346-47 ("There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under § 2255" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962))). Because *Rehaif* narrows the "class of persons that the law punishes" under Sections 922(g) and 924(a), it is retroactive on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1267 (2016); *Ramsey v. United States*, 2020 WL 5230891 at * 10 (E.D. Mo. Sept. 2, 2020).

As a general rule, claims not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003); see also *Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted). Here, Petitioner failed to preserve a knowledge-of-prohibited-

9

status objection in his direct proceedings and did not appeal his conviction. Accordingly, Petitioner's *Rehaif* claim is subject to procedural default.

To overcome procedural default, Petitioner must either show both "cause" for the default and "actual prejudice" from the asserted *Rehaif* error, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Petitioner has not alleged, much less established, the requisite showing of "cause."[2] Even assuming arguendo Petitioner could successfully show cause for his procedural default, the record establishes he cannot show the alleged *Rehaif* error resulted in actual prejudice. Petitioner is unable to demonstrate a reasonable probability that but for the error he would not have entered the plea.

Because Petitioner cannot satisfy the "cause and prejudice" showing, he must make a threshold showing of "actual innocence." *Smith v. Murray*, 477 U.S. 527, 537 (1986). The "actual innocence" exception requires Petitioner to show that it was "more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S 298, 327-28 (1995). Petitioner has not alleged actual innocence and any notion Petitioner was somehow unaware of his status as a convicted felon is implausible. As the Eighth Circuit has recognized, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show a *Rehaif* error in a guilty plea affected his substantial rights. *United States v. Caudle*, 986 F.3d 916, 922 (8th Cir. 2020)

---

[2] To the extent Petitioner should attempt to invoke "futility" to satisfy the "cause" showing, the Supreme Court has held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that time," with only a narrow carve-out for a hypothetical claim that "is so novel that its legal basis is not reasonably available to counsel." *Bousley*, 523 U.S. at 622-23 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1985)). The question presented in *Rehaif* was thoroughly and repeatedly litigated in the courts of appeals over the last three decades, and as such, it does not qualify under the novelty exception. *Id.* at 622.

(citation omitted). *See also United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (applying plain error review to *Rehaif* claim raised on direct appeal and concluding that, because defendant had served approximately four years in prison on prior conviction, he could not "show a reasonable probability that, but for the error, the result of the proceeding would have been different."); *United States v. Everett*, 977 F.3d 679, 686-87 (8th Cir. 2020) (accord); *United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (no plain error when defendant was previously incarcerated for more than one year). Thus, the Court finds Petitioner cannot establish actual innocence and his claim is procedurally defaulted.

## V. CONCLUSION

The records and files in this case conclusively establish Petitioner is not entitled to relief. Therefore, the Court denies Jefferson's § 2255 petition [ECF No. 1] without an evidentiary hearing.

## VI. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining a substantial showing is a showing the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** the Motion to Vacate, Set aside or Correct Sentence [ECF No. 1] is **DENIED**. Petitioner's Motion is **DISMISSED**, **with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's Motion

So ordered this 4th day of August, 2021.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**